**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID HOLMES,

                                      Plaintiff,

                    - v -                                    Civ. No. 9:06-CV-919
                                                                        (DNH/RFT)

HAUGEN, *Correctional Officer*;
TRUE, *Correctional Officer*,

                                      Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

DAVID HOLMES
Plaintiff, *Pro Se*
02-A-6067
Eastern Correctional Facility
P.O. Box 338
Napanoch, N.Y. 12458

HON. ANDREW M. CUOMO                    CHARLES J. QUACKENBRUSH, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        *Pro se* Plaintiff David Holmes brings this civil action pursuant to 42 U.S.C. § 1983 alleging

that his constitutional rights under the First and Fourteenth Amendments were violated by Defendant

Correctional Officers (C.O.s) Haugen and True.[1]  Dkt. No. 7, Am. Compl. at pp. 5-7.  Plaintiff now

moves for Summary Judgment (Dkt. No. 14) under Rule 56 of the Federal Rules of Civil Procedure,

---

[1] The Plaintiff's claims against Defendants John Doe, Brown, Simmons, Healy, and Lt. Simmons were
dismissed by Order of the Honorable David N. Hurd, United States District Judge, on December 4, 2006.  Dkt. No. 8.

to which Defendants have responded with a Cross-Motion for Summary Judgment (Dkt. No. 26).

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment be

**DENIED**, and Defendants' Cross-Motion for Summary Judgment be **GRANTED**.

## I.  FACTS

As a general matter, the Facts giving rise to Plaintiff's claims are not in dispute.  Plaintiff

is, and at all times relevant to this matter has been, a New York State prison inmate.  Dkt. No. 26-3,

Defs.' 7.1 Statement at ¶ 1.[2]  He is currently, and has been at all times relevant to this action, housed

in the Eastern Correctional Facility located in Napanoch, New York.  *Id*.  At Eastern, as a general

rule, inmates going to the auditorium and inmates visiting the law library are required to walk from

their cell blocks in separate groups.  *Id*. at ¶ 3.  This general rule was modified in June of 2005 to

provide that on weekends and holidays during the 3 p.m. to 11 p.m. (3 x 11) shift, inmates in the

second session of law library call-outs were to be released from their cells concurrently with the first

run of auditorium call-outs.  *Id*. at ¶ 4.

Defendant C.O. Haugen was working the 3 x 11 shift on Saturday, May 27, 2006, and was

one of the officers assigned to oversee Plaintiff's cell block.  Shortly after 6 p.m. on that date, a

group of inmates were released from their cells; some were to go to the auditorium, and others,

including Plaintiff, to the library.  *Id*. at ¶ 7; Am. Compl. at p. 3.  C.O. Haugen saw Plaintiff exiting

the housing block and asked him where he was going, to which Plaintiff responded he was headed

to the library.  Defs.' 7.1 Statement at ¶ 9; Am. Compl. at p. 3.  Haugen ordered Plaintiff to stop,

indicating that the library group had not yet been released.  *Id*.  Plaintiff informed Haugen that the

---

[2] When the Defendant has not objected to a particular statement of fact proffered in the Plaintiff's 7.1 Statement, or visa versa, we will not cite to both 7.1 Statements.  *See* N.D.N.Y.L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.") (emphasis in original).

law library group was to go out with the auditorium group in accordance with the June 2005 modification of the general rule. Defs.' 7.1 Statement at ¶ 10; Am. Comp. at p. 3.  At that point, Plaintiff continued to walk away from C.O. Haugen and his housing unit towards an adjoining area, where he restated his complaint about the movement rules to Defendant C.O. True.  Defs.' 7.1 Statement at ¶¶ 11-12; Am. Compl. at p. 4.  C.O. Haugen followed Plaintiff and upon meeting him ordered him back into the housing unit, and Plaintiff complied.  Defs.' 7.1 Statement at ¶ 13; Am. Compl. at p. 4.

On May 27, 2006, C.O. Haugen issued a Misbehavior Report charging Plaintiff with violating rules 106.10 (failure to comply with a direct order), 109.10 (movement regulation), 109.12 (lockout procedures), and 104.13 (creating a disturbance). Defs.' 7.1 Statement at ¶ 14.  Plaintiff was served with the Misbehavior Report on the following day.  *Id*.  On June 1, 2006, a Tier II Disciplinary Hearing was held by Lieutenant (Lt.) Simmons and thereafter Plaintiff was acquitted on three of the charges, but convicted of violating rule 109.10.  *Id*. at ¶ 15.  Plaintiff was sentenced to twenty-one (21) days keeplock confinement with a concomitant suspension of privileges, although Lt. Simmons suspended execution of the sentence for ninety (90) days.  *Id*.  On June 6, 2006, Deputy Superintendent Healey affirmed the conviction.  *Id*. at ¶ 16.  On June 7, 2006, Plaintiff wrote to the Superintendent seeking further review.  *Id*.  On June 9, 2006, Superintendent Brown issued a memorandum affirming the conviction and punishment.  *Id.*

On June 1, 2006, Plaintiff filed a Grievance with the Inmate Grievance Committee ("IGRC"), stating that the Misbehavior Report filed against him was deliberately fabricated by Defendants Haugen and True, and requesting that "both officers be reprimanded and instructed on following the rules of the facility and not their own."  *See* Compl., Ex. A, Grievance, dated June 1, 2006.  After

investigating the incident, the IGRC responded that the "[o]fficers were instructed and advised of the Law Library Procedure in regard[s] to the break out on weekends and holidays." *Id.* The record shows that Plaintiff did not appeal the IGRC's decision. Plaintiff now brings this action in federal court pursuant to 42 U.S.C. § 1983.

# I. DISCUSSION

## A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord*

*Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

"[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).  Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment.  *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

When considering cross-motions for summary judgment, a court "must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Hotel Employees & Rest. Employees Union, Local 100 of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 543 (2d Cir. 2002) (quoting *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993)).  "[N]either side is barred from asserting that there are issues of fact, sufficient to prevent the entry of judgment, as a matter of law, against it . . . . [and] a district court is not required to grant judgment as a matter of law for one side or the other."

*Heublein, Inc. v. United States*, 996 F.2d at 1461.

### B. Retaliation

Plaintiff essentially claims that C.O.s Haugen and True conspired to issued him an unsubstantiated Misbehavior Report in retaliation for Plaintiff's challenge to Haugen's decision not to allow Plaintiff's egress from his cell block to the library along with other inmates going to the auditorium. Am. Compl. at pp. 5-6. The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official - even those otherwise not rising to the level of a constitutional violation - can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) & *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988)).

In order to prevail on a retaliation claim, a plaintiff bears the burden to prove, "first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations omitted). There must also be a "causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citation omitted).

In this case, the conduct for which Plaintiff claims he was retaliated against was his own decision to disregard a direct order from a correctional officer. Am. Compl. at p. 3. Although Plaintiff contests that he violated any direct order, his own submissions belie that contention. Plaintiff states in his Amended Complaint that after C.O. Haugen told him he "couldn't go to the law

library because he wasn't releas[ed] to the law library," he walked away from Haugen down the hall towards the cage, and complained to C.O. True about Haugen's order, at which point Haugen caught up to him and again ordered him to return to his cell. *See id*. at pp. 3-4. Plaintiff took issue with the order preventing him from going to the library, and disobeyed that order by continuing on his path out of the cell block.

Inmates do not have a constitutional right to disobey the direct order of any corrections officer, even when they correctly believe that the order is unauthorized.[3] *Torres v. Selsky*, 2005 WL 948816, at *8 (N.D.N.Y. Apr. 25, 2005); *see also Kalwasinski v. Artuz*, 2003 WL 22973420, at *3 (S.D.N.Y. Dec. 18, 2003) (stating that the inappropriateness of an order does not excuse its noncompliance, even when the inmate feels the order violates his constitutional rights). An inmate in the State of New York who objects to a direct order from a correctional officer acting within the scope of his official duties, whether that order is authorized or not, has but one constitutionally protected recourse: to file a grievance. *See Keith v. Coombe*, 653 N.Y.S. 2d 401 (N.Y. App. Div. 3d Dep't 1997) (stating "Petitioner could have avoided [a] disciplinary proceeding by obeying the order and then filing a grievance.").

We therefore find that Plaintiff was not engaged in any constitutionally protected conduct. Furthermore, there is no evidence on the record that Defendant Haugen filed the Misbehavior Report for any reason other than Plaintiff's refusal to follow a direct order. For these reasons, it is recommended that Defendants' Cross-Motion for Summary Judgment be **GRANTED** on this claim.

### C.  Due Process Claim

Plaintiff suggests in his Amended Complaint that his due process rights were violated

---

[3] Defendants do not dispute that C.O. Haugen did not follow the correct rule for inmate movement. *See* Cross-Mot. for Summ. J. at p. 7.

because the Misbehavior Report filed against him was false.  *See* Am. Compl. at pp. 5-7.  However, even assuming that the Misbehavior Report was a prevarication, there is "no general constitutional right to be free from being falsely accused in a misbehavior report."  *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Gill v. Riddick*, 2005 WL 755745, at *7 (N.D.N.Y. Mar. 31, 2005).  While inmates may have a valid cause of action where a false misbehavior report is filed *in retaliation* for the exercise of a constitutional right, *see, e.g., Gill v. Riddick*, 2005 WL 755745 at *7, Plaintiff has not established that he was engaged in constitutionally protected conduct.  *See supra* Part I, Section B, at pp. 6-8.  Nor has Plaintiff challenged the adequacy of the Disciplinary Hearing, or any other due process procedure he was afforded in order to protect his liberty interests.  As such, we find that no due process violations occurred and we recommend that Defendants' Cross-Motion for Summary Judgment on this claim be **GRANTED**.

### D.  Equal Protection Claim

Plaintiff claims that his equal protection rights were violated because he was "singled out" and ordered to return to his cell while others were allowed to proceed to their destinations during the call-out session.  Am. Compl. at pp. 5-6.  The Equal Protection Clause of the Fourteenth Amendment states no "State [shall] deny to any person within its jurisdiction the equal protection of the laws."  It further "directs that all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (citation omitted).

The Second Circuit has held that in order for a prisoner to state a violation of the Equal Protection Clause, the prisoner "must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination."  *Phillips v. Girdich*, 408

F.3d 124, 129 (2d Cir. 2005) (citation omitted).  A prisoner "also must show that the disparity in treatment cannot survive the appropriate level of scrutiny which, in the prison setting, means that he must demonstrate that his treatment was not 'reasonably related to [any] legitimate penological interests.'" *Id.* (quoting *Shaw v. Murphy*, 532 U.S. 223, 225 (2001)).  An equal protection claim may be brought "by a 'class of one' where a plaintiff alleges that she has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *African Trade & Info. Ctr., Inc. v. Abromaitis*, 294 F.3d 355, 362-63 (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  However, the plaintiff need not specifically identify others who were similarly situated and treated differently.  *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

In the instant case, Plaintiff was indeed treated differently from other inmates in his cell block.  However, as we noted above, the Defendants treated Plaintiff differently because he disobeyed a direct order from a correctional officer.  Correctional officers are charged with enforcing the rules of the institution.  The Defendants' discipline of Plaintiff after he broke the rules was therefore completely rational and intimately related to penological interests.  For the foregoing reasons, we find that Plaintiff suffered no violation of his equal protection rights and we recommend that Defendants' Cross-Motion for Summary Judgment on this claim be **GRANTED**.

### E.  Qualified Immunity

Defendants raise the affirmative defense of qualified immunity.  However, because we find that Plaintiff has suffered no constitutional violation, we need not address the merits of that defense.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for fruther inquiries regarding qualified

immunity.").

## III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Plaintiff's Motion for Summary Judgment (Dkt. No. 14) be **DENIED**; and it is further

**RECOMMENDED**, that Defendants' Cross-Motion for Summary Judgment (Dkt. No. 26) be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   January 24, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge